SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

1440 NEW YORK AVENUE, N.W.

WASHINGTON, D.C. 20005-2111

———

TEL: (202) 371-7000

FAX: (202) 393-5760

www.skadden.com

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
NEW YORK
PALO ALTO
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MUNICH
PARIS
SÃO PAULO
SEOUL
SHANGHAI
SINGAPORE
TOKYO
TORONTO

DIRECT DIAL
202-371-7370
EMAIL ADDRESS
SHAY.DVORETZKY@SKADDEN.COM

September 18, 2024

Catherine O'Hagan Wolfe
Clerk of Court
U.S. Court of Appeals for the Second Circuit
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

RE: *In re: Credit Default Swaps Antitrust Litigation*, No. 24-635 (2d Cir.): Response to Appellants' Federal Rule of Appellate Procedure 28(j) letter regarding *In re Pawn America Consumer Data Breach Litigation*, 108 F.4th 610 (8th Cir. 2024)

Dear Ms. Wolfe:

Appellants' effort to analogize this case to *Pawn America* fails. *Pawn America* held that defendants waived their right to compel arbitration by filing a "motion to dismiss" in federal court, "stipulat[ing] to a discovery plan, and schedul[ing] a mediation." 108 F.4th at 615. "Waiver is the 'intentional relinquishment of a known right.'" *U.S. D.I.D. Corp. v. Windstream Communications, Inc.*, 775 F.3d 128, 136 (2d Cir. 2014). *Pawn America* reasoned that the defendants waived their right to arbitrate because their conduct was inherently inconsistent with the right to have an arbitrator decide the merits. *See* 108 F.4th 613-15.

Here, by contrast, nothing the Banks did is inconsistent with their right to enforce the SDNY Action release. Because the New Mexico Action covers a broader period than the release, enforcing the release would not necessarily dispose of the entire New Mexico Action. Banks' Br. 5, 52-53. Moreover, since Judge Cote has exclusive jurisdiction to enforce the release, JA448, the Banks could not enforce the release without launching collateral litigation in the Southern District of New York. The Banks' motion to dismiss the entire New Mexico Action before moving in New York to bar only claims based on

conduct before June 30, 2014, was an effort to *avoid* unnecessary litigation. It did not conflict with the Banks' right to enforce the release. That is why both Judge Cote and the New Mexico magistrate judge rejected Appellants' arguments. Banks' Br. 5, 52-53. Moreover, a release—which *Pawn America* does not address—is an affirmative defense that can be raised in a post-motion-to-dismiss *answer*, which is exactly where the Banks asserted it in New Mexico after their motion to dismiss was denied. Banks' Br. 54-55.

Contrary to Appellants' claims, the Banks have never argued that "the Southern District [of New York] has always had exclusive jurisdiction over [Appellants'] claims." Letter 1. Rather, Judge Cote has exclusive jurisdiction to enforce the release, JA448, meaning the Banks could not move to enforce the release in New Mexico. Appellants' distortion of the Banks' position and fixation on twice-rejected waiver arguments only confirm that their appellate arguments lack merit.

Respectfully submitted,

*/s/ Shay Dvoretzky*

Shay Dvoretzky

*Counsel for Defendants-Appellees Citibank, N.A., & Citigroup Global Markets Inc. — Submitted on behalf of all Appellees*

## CERTIFICATE OF COMPLIANCE

I hereby certify that this letter complies with the type-volume limitation of Federal Rule of Appellate Procedure 28(j) because, as calculated by Microsoft Word, the body of the letter contains 350 words.

Dated: September 18, 2024 /s/ Shay Dvoretzky

Shay Dvoretzky

## CERTIFICATE OF SERVICE

I hereby certify that on September 18, 2024, I electronically filed the foregoing document with the Clerk of Court for the United States Court of Appeals for the Second Circuit by using the ACMS system. I certify that all participants in the case are registered ACMS users and that service will be accomplished by the ACMS system.

Dated: September 18, 2024 /s/ Shay Dvoretzky

Shay Dvoretzky