**MANDATE**

24-635-cv
*In re: Credit Default Swaps Antitrust Litigation*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of May, two thousand twenty-five.

Present:

> BARRINGTON D. PARKER, JR.,
> WILLIAM J. NARDINI,
> BETH ROBINSON,
>     *Circuit Judges*.

_____

BNP PARIBAS, BANK OF AMERICA CORPORATION, BARCLAYS BANK PLC, CITIBANK, N.A., DEUTSCHE BANK AG, THE ROYAL BANK OF SCOTLAND GROUP PLC, GOLDMAN SACHS & CO., CITIGROUP GLOBAL MARKETS INC., MORGAN STANLEY & CO. LLC, JPMORGAN CHASE & CO., CREDIT SUISSE AG, BANK OF AMERICA, N.A., JPMORGAN CHASE BANK, N.A.,

    *Defendants-Appellees*,

    v.                                                                    24-635-cv

NEW MEXICO STATE INVESTMENT COUNCIL, PUBLIC EMPLOYEES RETIREMENT ASSOCIATION OF NEW MEXICO, NEW MEXICO EDUCATIONAL RETIREMENT BOARD,

    *Interested Parties-Appellants*.

_____

1

For Defendants-Appellees:	SHAY DVORETZKY (Parker Rider-Longmaid, Jay B. Kasner, Karen M. Lent, *on the brief*), Skadden, Arps, Slate, Meagher & Flom LLP, Washington, DC and New York, NY, *for* Citibank, N.A. and Citigroup Global Markets Inc.

Arther J. Burke, Sheila R. Adams, Paul S. Mishkin, Davis Polk & Wardwell LLP, New York, NY, *for* Bank of America Corporation and Bank of America, N.A.

James R. Warnot, Jr., Patrick C. Ashby, Nicole E. Jerry, Adam Lurie, Linklaters LLP, New York, NY and Washington, DC, *for* NatWest Group Plc (f/k/a The Royal Bank of Scotland Group plc)

Robert D. Wick, John Stewart Playforth, Shadman Zaman, Covington & Burling LLP, Washington, DC, *for* JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A.

Mathew J. Porpora, Jonathan S. Carter, Jeffrey T. Scott, Sullivan & Cromwell LLP, New York, NY, *for* Barclays Bank PLC

John F. Terzaken, III, Adrienne V. Baxley, Laurel E. Fresquez, Simpson Thacher & Bartlett LLP, Washington, DC, *for* Deutsche Bank AG

Staci Yablon, Robert Y. Sperling, Paul, Weiss, Rifkind, Wharton & Garrison LLP, New York, NY, *for* Goldman, Sachs & Co.

Michael A. Paskin, Lauren M. Rosenberg, Cravath, Swaine & Moore LLP, New York, NY, *for* Morgan Stanley & Co. LLC

David G. Januszewski, Herbert S. Washer, Jason M. Hall, Margaret A. Barone, Cahill Gordon & Reindel LLP, New York, NY, *for* Credit Suisse AG

Joshua A. Goldberg, Amy N. Vegari, Patterson Belknap Webb & Tyler LLP, New York, NY, *for* BNP Paribas

| | |
|---|---|
| For Interested Parties-Appellants: | JENNIFER D. BENNETT, Gupta Wessler LLP, San Francisco, CA (Eric Citron, Stefanie Ostrowski, Thomas Scott-Railton, Gupta Wessler LLP, Washington, DC, Raùl Torrez, Attorney General of New Mexico, Seth McMillan, Deputy Solicitor General of New Mexico, Julie Ann Meade, Deputy Attorney General of New Mexico, David E. Kovel, Andrew Martin McNeela, Thomas Popejoy, Kirby McInerney LLP, New York, NY, Candice J. Enders, Michael Dell'Angelo, Michael J. Kane, Berger Montague PC, Philadelphia, PA, Richard James Leveridge, Ethan H. Kaminsky, Gilbert LLP, Washington, DC, Adam Farra, Farra & Wang PLLC, Washington, DC, *on the brief*) |

Appeal from an order of the United States District Court for the Southern District of New York (Denise L. Cote, *District Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED** for lack of jurisdiction.

Interested Parties-Appellants New Mexico State Investment Council, Public Employees Retirement Association of New Mexico, and New Mexico Educational Retirement Board (the "Funds") appeal from an order of the United States District Court for the Southern District of New York (Denise L. Cote, *District Judge*), entered on January 26, 2024, enjoining them from pursuing certain claims against the Defendants-Appellees (the "Banks"). On appeal, the Funds challenge the district court's finding that a class action settlement from 2016 bars the claims they now seek to pursue. We assume the parties' familiarity with the case.

In 2013, several plaintiffs filed antitrust class actions alleging that the Banks and other defendants conspired to prevent price transparency and competition in the market for financial instruments known as "credit default swaps." These actions were subsequently consolidated in the Southern District of New York. *In re Credit Default Swaps Antitrust Litig.*, No. 13-MD-2476

3

(DLC) (S.D.N.Y.) (the "New York Action"). The consolidated complaint in the New York Action alleged that the defendants—many of which were dealers in the credit default swap ("CDS") market—conspired to keep the market opaque and increase the spread between the prices at which a dealer purchases a CDS from one market participant and sells it to another.

In 2015, the parties sought court approval of a proposed settlement. Their proposed settlement agreement contained a release that extinguished any claims, known or unknown, that arise out of or relate to any "CDS Transaction," are based on pre-June 30, 2014, conduct, and could have been alleged in the New York Action. The agreement defined "CDS Transaction" to include "any purchase, sale, trade, assignment, novation, unwind, termination, or other exercise of rights or options with respect to any CDS." Joint App'x at 414–15 ¶ 2(e)(i). The Funds, which were members of the class in the New York Action, had the opportunity to opt out of the settlement but did not do so. [Instead, they remained in the settling class, which received a total of $1,864,650,000 in settlement funds. In 2016, after approving the parties' proposed settlement agreement, the district court issued orders stating that all "Releasing Parties" under the agreement "shall forever be enjoined from prosecuting in any forum any Released Claims against any of the Released Parties." *See* New York Action Dkt. 539 at 4 ¶ 11.

In 2021, the Funds filed an antitrust class action against the Banks in the District of New Mexico. *N.M. State Inv. Council v. Bank of Am. Corp.*, No. 21-CV-606 (KG/DLM) (D.N.M.) (the "New Mexico Action"). In their complaint, the Funds allege that the Banks have rigged the auction process used to determine the payout on CDS contracts when certain "credit events" occur. On November 3, 2023, the Banks filed a motion in the New York Action seeking enforcement of the parties' settlement agreement as applied to the Funds' auction-rigging claims. On January 26, 2024, the district court granted the Banks' motion, finding that the settlement's release bars the

4

Funds' claims insofar as they arise from pre-June 30, 2014, conduct. Accordingly, the district court enjoined the Funds "from pursuing any claims against the Banks in the New Mexico Action for any alleged violation of law based on conduct occurring before June 30, 2014," and from prosecuting against the Banks any similar claims relating to CDS transactions. Special App'x at 2–3. This appeal followed.

Before we reach the Funds' argument that the district court abused its discretion by barring them from pursuing their auction-rigging claims, we must determine whether we have jurisdiction to hear this appeal. *See Uniformed Fire Officers Ass'n v. de Blasio*, 973 F.3d 41, 46 (2d Cir. 2020).[1] The Funds assert that we may exercise jurisdiction under 28 U.S.C. §§ 1291 or 1292(a)(1). We disagree and therefore conclude that we lack jurisdiction.

First, the district court's order is not appealable under § 1291, which provides us with jurisdiction over "appeals from all final decisions of the district courts of the United States." Section 1291 does not permit us "to entertain appeals every time a district court [has] interpreted or issued an order enforcing a final injunction without more . . . ." *In re Tronox Inc.*, 855 F.3d 84, 97 (2d Cir. 2017). Rather, when an order merely interprets an injunction and settlement agreement to bar certain claims and then directs the dismissal of those claims, the order is generally not final unless it is accompanied by a finding of contempt and sanctions. *Id.*; *see Wilder v. Bernstein*, 49 F.3d 69, 72 (2d Cir. 1995) ("Because [the district court's] order was issued in the context of a pending contempt motion, and there has not been a finding of contempt, much less an assessment of sanctions, the order is not 'final.'"). Here, the district court's order merely enforced the parties'

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted.

settlement agreement and its accompanying injunctions "by directing compliance therewith." *Tronox*, 855 F.3d at 97. Accordingly, the order is not a final decision under § 1291.

Nor may we review the district court's order under § 1292(a)(1), which permits appeals from interlocutory orders "granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions." The Funds contend that the district court's order either granted an injunction or, at the very least, modified its previous injunctions by extending the release in the parties' settlement beyond the limits of the "identical factual predicate" and "adequate representation" doctrines. *See Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 106 (2d Cir. 2005). We are not persuaded.

At the outset, the district court's order did not grant any new injunctive relief. Although the order "enjoined" the Funds from asserting certain claims, Special App'x at 2, the district court had already *permanently* enjoined the Funds from pursuing those claims when, in 2016, it "forever" barred settling class members from prosecuting "any Released Claim against any of the Released Parties," New York Action Dkt. 539 at 4 ¶ 11. Indeed, in setting forth the claims the Funds are barred from pursuing, the district court's present order uses language that closely tracks the definition of "Released Claim" in the parties' settlement agreement. Thus, the order did not *grant* an injunction within the meaning of § 1292(a)(1); it merely enforced its previous injunctive relief as applied to the claims the Funds now seek to pursue. *See JLM Couture, Inc. v. Gutman*, 91 F.4th 91, 100 (2d Cir. 2024) (explaining that the categories of appealable orders in § 1292(a)(1) "are narrowly drawn" and that "orders merely clarifying or interpreting injunctions do not create appellate jurisdiction").

We are likewise unpersuaded that the district court modified its previous injunctions by expanding the settlement agreement's release beyond its permissible scope. To determine whether

an injunction has been modified in a case like this, we must understand whether the district court "extended the [i]njunction beyond its original reach." *In re Tronox Inc.*, 855 F.3d at 98. Here, this inquiry is "unavoidably linked" to the merits of the Banks' attempt to enforce the settlement, *id.* at 99, because our analysis will necessarily depend on whether the district court erroneously construed its previous injunctions as barring the claims the Funds now seek to pursue, *Wilder*, 49 F.3d at 72. In conducting this inquiry, we are mindful that a district court's interpretation of its own injunctions "is entitled to deference and will not constitute a modification unless it is an obvious or blatant misinterpretation." *In re Tronox Inc.*, 855 F.3d at 99. Still, as with other questions of law, we review *de novo* the district court's legal conclusions regarding the identical factual predicate and adequate representation doctrines. *See id.* at 98–99.

The identical factual predicate and adequate representation doctrines allow class action plaintiffs "to release claims that share the same integral facts as settled claims, provided that the released claims are adequately represented prior to settlement." *Wal-Mart Stores, Inc.*, 396 F.3d at 106. Specifically, under the identical factual predicate doctrine, "[c]lass actions may release claims, even if not pled, when such claims arise out of the same factual predicate as settled class claims." *Id.* at 108. The adequate representation doctrine recognizes that, as a requirement of due process, claims may be released via class action settlement only if they were adequately represented in the class action. *Id.* at 109–10. Upon review of the record, we reject the Funds' arguments that the district court modified its previous injunctions by misapplying these doctrines.

First, the settled claims and the claims the Funds now seek to pursue share the same set of integral facts. The Funds argue that their claims focus on a different segment of the CDS market—namely, the auction process for determining the prices of CDS contracts after credit events occur, as opposed to the buying and selling of CDS contracts prior to auction. But the complaints in both

7

actions allege that the Banks conspired during secret meetings beginning in the fall of 2008 to exclude and constrain participation in, and grant themselves control over, the CDS market. In support, both complaints allege facts concerning the same time periods, means of collusion, and relevant players. A class action settlement "may release not only those claims alleged in the complaint and before the court, but also claims which could have been alleged by reason of or in connection with any matter or fact set forth or referred to in the complaint." *Id.* at 108 (quoting *In re Corrugated Container Antitrust Litig.*, 643 F.2d 195, 221 (5th Cir. 1981)). Thus, even if the settled claims and the Funds' auction-rigging claims pertain to injuries occurring in different segments of the CDS market, we discern no error in the district court's finding that they share a common factual predicate.

Nor are we persuaded that the Funds' claims were not adequately represented in the New York Action. "Adequate representation of a particular claim is established mainly by showing an alignment of interests between class members, not by proving vigorous pursuit of that claim." *Id.* at 106–07. Here, the class plaintiffs in the New York Action pursued the Banks for their alleged anticompetitive conduct, sought relief in the form of damages for CDS transaction losses, and therefore had an interest in maximizing their recovery for any losses attributable to the Banks' alleged anticompetitive activity. Thus, as participants in the CDS marketplace, they had an interest in pursuing the very types of claims the Funds now seek to pursue. The fact that they did not assert those claims is not dispositive; in settlements, "[e]ach side gives up a number of things," *id.* at 113, and the mere fact that class plaintiffs may have "left significant claims on the table" does not mandate a finding of inadequate representation, *id.* at 109–10. By choosing to remain members of the settling class in the New York Action, the Funds gave up their right to assert a broad category of claims, including the auction-rigging claims they now seek to pursue. Thus, given the

compatibility of their interests with those of the class plaintiffs in the New York Action, their arguments regarding inadequacy of representation are unavailing.[2]

In sum, because the district court's order is neither a final decision under § 1291 nor an order granting or modifying an injunction under § 1292(a)(1), we conclude that we lack jurisdiction to hear this appeal.

\*   \*   \*

We have considered the Funds' remaining arguments and find them to be unpersuasive. Accordingly, we **DISMISS** this appeal for lack of jurisdiction.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

---

[2] The Funds also argue that class members in the New York Action did not receive adequate notice that, by declining to opt out of the settlement, they would be releasing the auction-rigging claims the Funds now seek to pursue. But the settlement notice (1) stated that class members who did not opt out would be unable to "sue . . . the Released Parties about the legal issues in this case," (2) stated that such settling class members were "'releasing' the claims described in the Settlement Agreements," and (3) directed notice recipients to the specific language defining the "Released Claim[s]." Joint App'x at 522. Thus, given our conclusion that the district court properly construed the settlement's release, we reject the Funds' argument that the district court modified its previous injunctions by extending them beyond the scope of the settlement notice.